IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JOHNNY LYNN EDWARDS #566917 | § | |
| v. | § | CIVIL ACTION NO. 6:09cv234 |
| ELIZABETH MILLER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Johnny Edwards, proceeding *pro se*, filed this lawsuit complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Edwards named mailroom clerk supervisor Elizabeth Miller, mailroom clerk Angie Cargile, and assistant warden Wesley Pratt, all prison employees at the Michael Unit.

Edwards says that on February 9, 2007, he tried to mail out two packages of legal materials to a law firm in Dallas, but Miller and Cargile confiscated them and would not return them. He states that Warden Pratt "knowingly and intentionally condoned" these actions, but does not explain exactly what Pratt did.

Edwards filed a Step One grievance on February 25, 2007. The response to this grievance, which was signed by Warden Pratt, says that an earlier grievance had been returned to Edwards because he had requested that disciplinary action be taken against the mailroom personnel, and that Miller had said that the contents of the packages had not been written by Edwards. Pratt also stated that the Director's Review Committee had upheld Miller's action. On April 11, 2007,

1

Edwards filed a Step Two grievance appeal, which was denied on May 23, 2007. Edwards signed his lawsuit on May 15, 2009.

After review of the pleadings, the Magistrate Judge issued a Report on July 1, 2009, recommending that the lawsuit be dismissed. The Magistrate Judge stated that the incident had occurred on February 9, 2007, and so Edwards had two years from that date in which to file his lawsuit. However, the Magistrate Judge stated that the limitations period was tolled during the time that Edwards' grievances were pending, a time period which ran from February 25, 2007, until May 23, 2007, a total of 87 days. The limitations period expired on February 9, 2009, and when 87 days is added to this time period, the expiration date is moved to Thursday, May 7, 2009. If both the starting and ending days of the grievance period are counted as part of the tolled period, *see* Windland v. Quarterman, — F.3d —, slip op. no. 06-10750 (5th Cir., August 10, 2009) (not yet published) (available on WESTLAW at 2009 WL 2426220), this still only advances Edwards' limitations terminus date to May 8, 2009, one week before Edwards signed his complaint, on May 16, 2009. Because Edwards' lawsuit was filed outside of the statute of limitations, the Magistrate Judge recommended that it be dismissed.

Edwards filed objections to the Magistrate Judge's Report on July 17, 2009. After discussing the timeliness of his objections, Edwards says first that the Magistrate Judge acted "clearly contrary to established law" by not allowing him a hearing to produce documentary evidence. He says that the Magistrate Judge's issuance of a Report recommending dismissal also violates his right to equal protection, due course of law, equal rights, equal opportunity, and "equal due process of procedure," and subjects him to deliberate indifference. He says that he is "mentally incompetent" and that the Magistrate Judge is applying his personal views and prejudices, protecting the defendants who have "clearly admitted to committing the act which is clearly a crime."

Edwards says that he did not consent to allow the Magistrate Judge to screen his case and so the Report does not apply. He says that 28 U.S.C. §1915 also does not apply to his case because his complaint was timely filed, states clear facts, and states a claim upon which relief may

2

be granted; thus, Edwards says, there is "nothing to screen" under 28 U.S.C. §1915. He states that the Report is "frivolous and without merit" and that it is simply "play trickery" meant to hinder, obstruct, and delay the administration of justice. He says that the Report violates due process as well as the constitutional requirement that the courts be open to all.

Edwards contends that the Magistrate Judge failed to review the TDCJ mailroom policies, which clearly state that mailroom personnel are not supposed to open legal mail. Because this was done, however, Edwards says that a crime was committed.

Edwards then says that the mailroom personnel knew that he had a lot of medical problems and could have died, because agency personnel were using force on him and then just putting him back in his cell. He indicates that his mail was taken in order to prevent him from getting outside help and from having "overwhelming documents" to show on his behalf.

With regard to Warden Pratt, Edwards says that he was supposed to force the mailroom personnel to give him his documents back. He says that it is the warden's duty to monitor the mailroom and make sure that the personnel there are not violating policy.

Edwards says that he did not say that he filed his first grievance and that it came back marked inappropriately filed; rather, he says that it was illegally sent back to try to keep it from being submitted, although he concedes that it was marked as inappropriate. He says that he sent this grievance in on February 14 and that it was held until February 24 and then returned as inappropriate. Edwards says that a grievance coordinator told him that requesting to file charges was "like a threat," and he explained to her that under the Texas Government Code, the Executive Director of TDCJ is supposed to file charges on behalf of inmates, and she told him to refile the grievance.

Finally, Edwards argues that the statute of limitations is supposed to run from the date that his Step Two grievance is denied. Thus, he maintains that the time from February 9, 2007, when the incident took place, until May 24, 2007, when his Step Two grievance was denied, should be tolled, making his lawsuit timely.

In McKinney v. Williams, 201 Fed.Appx. 255 (5th Cir., October 2, 2006) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2006 WL 2851715), the Fifth Circuit observed that the plaintiff's property claims accrued on March 6, 2001, and his claims of retaliation and a false disciplinary case accrued on March 12, 2001. However, the limitations period was tolled only while the plaintiff exhausted his administrative remedies, from March 19 to July 12, 2001 - in other words, from the time he began the administrative remedy process until the time that it concluded. Similarly, in Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999), the Fifth Circuit said that the limitations period was tolled "while Harris pursued his administrative remedies." That case also counted the tolling period beginning at the date that the administrative remedy procedure was commenced.

In the present case, the Step One grievance which commenced the exhaustion process was filed on February 25, 2007, and so the Magistrate Judge did not err in calculating the tolling period beginning on that date, Edwards' objection on this basis is without merit.

Edwards says that he tried to file a grievance on February 14, but it was returned to him unprocessed as "inappropriate." Both Edwards and the Step One grievance response indicate that the reason given for the return of the grievance was that he had sought disciplinary action against the mailroom staff. The TDCJ Inmate Orientation Handbook, p. 54, specifically says that grievances may be returned unprocessed if they are "inappropriate - you may not ask for monetary damages or any form of disciplinary action against staff."

The Supreme Court has stated that the purpose of the exhaustion requirement is to afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. Woodford v. Ngo, 126 S.Ct. 2378, 2387 (2006). In order to achieve this goal, the Court said, "proper" exhaustion would be required; in other words, the prison officials must be given a fair opportunity to consider the grievance, and this will not happen unless the grievant complies with the system's procedural rules.

Here, Edwards did not comply with the system's procedural rules in the first grievance that he filed, because he sought relief which was inappropriate under those rules. For this reason, the first grievance, which sought this inappropriate relief and thus was returned unprocessed, does not toll the statute of limitations. Instead, the statute was tolled by the filing of Edwards' proper grievance, on February 25, 2007.[1]

The Magistrate Judge thus properly computed the tolling period from February 25, 2007, until May 23, 2007, the date that the Step Two response was signed, a period of 87 days. When this time is added the end of the limitations period, it places the expiration date at Thursday, May 7, 2009, over a week before Edwards signed his lawsuit. The Magistrate Judge thus correctly determined that Edwards' lawsuit is barred by the statute of limitations.

Nor has Edwards shown any reason why the limitations period should be equitably tolled. Because the Texas statute of limitations is borrowed in Section 1983 cases, the federal courts also apply Texas' equitable tolling principles. Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Ignorance of legal rights and of the time limits is not a basis for equitable tolling. Dixon v. Louisiana Department of Corrections, 294 Fed.Appx. 970 (5th Cir., October 6, 2008) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2008 WL 4476510), *citing* Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991). In addition, the Fifth Circuit has held that equitable tolling is not warranted where a prisoner "failed to act diligently to protect his claim." Wells v. Edwards, 190 Fed.Appx. 343 (5th Cir., June 21, 2006) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2006 WL 1738037), *citing* Lambert v. United States, 44 F.3d 296, 299 and n.1 (5th Cir. 1995).

---

[1] While Edwards says that his first grievance was "illegally sent back to him to keep him from submitting it," this allegation is wholly conclusory; he does not dispute that he sought disciplinary action against the mailroom staff, which relief was inappropriate under the rules of the grievance, nor does he explain why, if his grievance was "returned to keep him from submitting it," the grievance was accepted and processed when he refiled it seeking appropriate relief.

In this case, Edwards fails to show that he acted diligently to protect his claim. His Step Two grievance was denied in May of 2007, and he offers no explanation for the extraordinary delay in the filing of his lawsuit. Although he says that he is "mentally incompetent," this conclusory allegation is not enough to show that the limitations period should be tolled for this reason, and Edwards' pleadings are reasonably clear and coherent, containing no indication of a level of incompetency sufficient to warrant equitable tolling of the statute of limitations. Edwards' objections regarding the issue of the statute of limitations are without merit.

The other objections raised by Edwards are also without merit. Although he says that he did not consent to the jurisdiction of the Magistrate Judge, consent is only required where the parties elect to allow the Magistrate Judge to enter final judgment in the case. 28 U.S.C. §636(c). The Magistrate Judge has not entered any final judgment in this case; rather, the case was referred to the Magistrate Judge for pre-trial matters, and the Magistrate Judge submitted a Report recommending disposition of the case. No consent is necessary for such a referral. Brunig v. Clark, 560 F.3d 292, 294 (5th Cir. 2009); Carbe v. Lappin, 492 F.3d 325, 327 (5th Cir. 2007). Nor has Edwards shown that the Magistrate Judge acted with bias or prejudice. The statute of limitations may be raised by the Court *sua sponte*. Stanley v. Foster, 464 F.3d 565, 568 (5th Cir. 2006). Edwards' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and attachments in this cause, as well as the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted, in that it is barred by the statute of limitations. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 8th day of September, 2009.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE